## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  ADMIRAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-23-1115-JD |
| (1)  AARON WAYNE PEARSON, (2)  LEANDRA LYNN PEARSON, (3)  ONEOK, INC., (4)  ARROWHEAD PIPELINE SERVICES, LLC, and (5)  UTILITEC, LLC | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF ADMIRAL INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Admiral Insurance Company ("Admiral"), pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby seeks a declaratory judgment or judgments as to its rights and obligations under an insurance policy issued by it to Defendant Utilitec, LLC ("Utilitec"). Specifically, Admiral seeks a judgment declaring that it has no duty to defend or indemnify Utilitec, LLC from or against the claims of Defendants Aaron Wayne Pearson and Leandra Lynn Pearson (collectively, the "Pearsons") in an underlying lawsuit brought by the Pearsons pending in the District Court of Oklahoma County. Admiral additionally seeks a judgment declaring that it has no duty to defend or indemnify Defendants ONEOK, Inc. ("ONEOK") or Arrowhead

Pipeline Services, LLC ("Arrowhead") from or against the claims of the Pearsons in the same underlying lawsuit.  In support of its Complaint, Admiral states as follows:

## PARTIES

1.      At all pertinent times, Admiral is and has been an insurance company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Arizona.

2.      At all pertinent times, the Pearsons are and have been natural individuals who are citizens, domiciliaries and residents of the State of Oklahoma.

3.      At all pertinent times, Arrowhead is and has been an Oklahoma Limited Liability Company.  On information and belief, all of its Members are natural individuals who are citizens, domiciliaries and residents of the State of Oklahoma.  In the alternative, all of its Members are citizens of states other than Delaware and Arizona.

4.      At all pertinent times, ONEOK, Inc. is and has been a corporation organized under the laws of the State of Oklahoma and with a principal place of business in the State of Oklahoma.

5.      At all pertinent times, Utilitec, LLC is and has been an Oklahoma Limited Liability Company.  On information and belief, all of its Members are natural individuals who are citizens, domiciliaries and residents of the State of Oklahoma.  In the alternative, all of its Members are citizens of states other than Delaware and Arizona.

## NATURE OF THE CLAIM

6.      The present Declaratory Judgment Action arises out of claims for damages made by the Pearsons against all of ONEOK, Arrowhead and Utilitec in a lawsuit styled

"*Aaron Wayne Pearson, individually and Leandra Lynn Pearson, individually, Plaintiffs v. Magellan Midstream Partners, L.P., Arrowhead Pipeline Services, LLC, and Utilitec, LLC, Defendants*," pending in the District Court of Oklahoma County, State of Oklahoma ("Underlying Suit").  A copy of the Underlying Suit's Petition is attached hereto as **Exhibit 1**.

7.     Admiral seeks a declaration regarding the parties' respective rights and obligations, if any, under Policy Number CA000022530-04 (the "Policy") issued by Admiral to Utilitec for the period September 27, 2018 to September 27, 2019, including its disputed coverage obligations to Utilitec, ONEOK, and/or Arrowhead.  A copy of the Policy is attached hereto as **Exhibit 2**.

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.

9.     This Court has personal jurisdiction over the Pearsons, Utilitec, ONEOK, and Arrowhead for purposes of federal court jurisdiction with respect to this action.

10.     Plaintiff brings this action for a declaratory judgment to determine questions of actual controversy between the parties as herein more fully set forth.

11.     Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b), as, *inter alia*, at least one Defendant resides in this judicial district and all Defendants are residents of the State in which this

district is located.

## GENERAL FACTUAL BACKGROUND

12.    ONEOK is diversified company focused primarily on the natural gas industry.

13.    Arrowhead is a pipeline services company.

14.    Utilitec is a company in the business of pipe laying construction.

15.    In late 2018, a predecessor entity that has now been acquired and merged into ONEOK, Magellan Midstream Partners, L.P. ("Magellan"), was working as a general contractor on a gas/utility line project in Edmond, Oklahoma (the "project").

16.     Magellan retained Arrowhead as a subcontractor on the project.

17.    Arrowhead retained Utilitec to assist it in its performance of its contractual duties on the project.

18.    Aaron Wayne Pearson, on or about November 16, 2018, was an employee of Utilitec, working on the project, and Leandra Lynn Pearson was his spouse.

19.    While in the course and scope of his employment, Aaron Wayne Pearson was severely injured in an incident at the project, or about November 16, 2018.

20.    The Underlying Suit was commenced on or about September 1, 2020, with the filing of the Petition which is Exhibit 1 to this Complaint.

21.    The Underlying Suit alleges that Defendants, including Utilitec, "ordered and directed Plaintiff Aaron Pearson to work under conditions in which it was certain and/or substantially certain that Plaintiff would be seriously injured or killed."  The suit further alleges that Utilitec "clearly desired to bring about Plaintiff Aaron Pearson's

injury in acting with the knowledge that serious injury to an unprotected individual in Plaintiff's shoes was substantially certain to result from Defendants' conduct."

22.     The Underlying Suit also alleges that "Defendants Magellan and Arrowhead breached their" duty of care to Aaron Pearson.

23.     Admiral was not provided notice of the Underlying Suit, or any claim, until the autumn of 2023.

## THE INSURANCE POLICY TERMS

24.     The Policy contains, among other content which speaks for itself, the following pertinent terms:

\* \* \*

**COMMERCIAL GENERAL LIABILITY**
**CG 00 01 04 13**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**FORM**

Various provisions in this policy restrict coverage…

\* \* \*

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE**
**LIABILITY**

**1.  Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.

5

However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

\* \* \*

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" …

\* \* \*

## 2.  Exclusions

This insurance does not apply to:

\* \* \*

### a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\* \* \*

### b. Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

6

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement…

\* \* \*

### d. Workers' Compensation and Similar Laws

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

\* \* \*

### e. Employer's Liability

"Bodily Injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

\* \* \*

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\* \* \*

## 2. Duties In the Event Of Occurrence, Offense, Claim Or Suit

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" of an offense which may result in a claim.  To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";
**(2)** Authorize us to obtain records and other information;
**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit" and
**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than first aid, without our consent.

**3. Legal Action Against Us**

No person or organization has a right under this Coverage Part:

> **a.** To join us as a party or otherwise bring us into a "suit" asking for damages from an insured; or

> **b.** To sue us on this Coverage Part unless all of its terms have been fully complied with.

* * *

**SECTION V - DEFINITIONS**

* * *

**9.** "Insured contract" means:

* * *

> **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

* * *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

\* \* \*

**CG 00 01 04 13**
Effective Date: 09/27/2018

**THIS ENDORSEMENT CHANGES THE POLICY.    PLEASE READ IT CAREFULLY.**

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

| SCHEDULE | |
|---|---|
| **Name Of Additional Insured Person(s) Or Organization(s)** | **Location(s) Of Covered Operations** |
| Any person or organization that is an owner or manager of real property or personal property on which you are performing ongoing operations, or a contractor on whose behalf you are performing ongoing operations, but only if coverage as an additional insured is required by a written contract or written agreement that is an "insured contract", and provided the "bodily injury" or "property damage" first occurs, or the "personal and advertising injury" offense is first committed, subsequent to the execution of the contract or agreement. | All locations at which the Named Insured is performing ongoing operations. |

\* \* \*

**A. Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule…

\* \* \*

10

**CG 20 37 04 13**
Effective Date: 09/27/2018

**THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ IT CAREFULLY.**

### ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location And Description Of Completed Operations |
|---|---|
| Any person or organization that is an owner of real property or personal property for whom you work or have worked, or a contractor on whose behalf you work or have worked, but only if coverage as an additional insured extending to "bodily injury" or "property damage" included in the "products-completed operations hazard" is required by a written contract or written agreement that is an "insured contract" and provided that the "bodily injury" or "property damage" first occurs subsequent to the execution of the contract or agreement. | All locations except locations where "your work" is or was related to a job or project involving single-family dwellings, multi-family dwellings (other than rental apartments in an apartment building: (a) originally constructed and at all times used for such purpose, or (b) converted from a commercial building), condominiums, townhomes, townhouses, time-share units, fractional owner-ship units, cooperatives and/or any other structure or space used or intended to be used as a residence. |

\* \* \*

**A. Section II – Who is an Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Sschedule…

\* \* \*

**CG 24 26 04 13**
Effective Date: 09/27/2018

**THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ IT CAREFULLY.**

### AMENDMENT OF INSURED CONTRACT DEFINITION

This endorsement modifies insurance provided under the following:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The definition of "insured contract" in the **Definition** section is replaced by the following:

"Insured contract" means:

* * *

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

* * *

**AD 08 42 02 16**<br>Effective Date: 09/27/2018

**THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ IT CAREFULLY.**

**BODILY INJURY REDEFINED**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART (OCCURRENCE VERSION)
COMMERCIAL GENERAL LIABILITY COVERAGE PART (CLAIMS-MADE)

* * *

The definition of "bodily injury" in DEFINITIONS is amended as follows:

"Bodily injury" means physical injury, physical sickness or physical disease sustained by any one person, including death resulting from any of these at any time. "Bodily injury" does not include shock or emotional, mental or psychological distress, injury, trauma or anguish, or other similar condition, unless such condition results solely and directly from that one person's prior physical injury, physical sickness or physical disease otherwise covered under this insurance.

* * *

**AD 68 93 01 17**
Effective Date: 09/27/2018

**THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ IT CAREFULLY.**

**CONTRACTORS ENHANCED COVERAGE**
**(Commercial General Liability Coverage Form)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

* * *

**II. <u>AMENDED COVERAGES</u>**

**KNOWLEDGE OF OCCURRENCE**

The following paragraph is added to Section IV – Commercial General Liability Conditions Paragraph **2**. Duties In The Event Of Occurrence, Offense, Claim or Suit:

Notice of an "occurrence" which may result in a claim under this insurance shall be given as soon as practicable after knowledge of the "occurrence" has been reported to you, one of your "executive officers", or any "employee" authorized by you to give or receive notice of an "occurrence".

## COUNT I – DECLARATORY RELIEF – AGAINST UTILITEC AND THE PEARSONS

## THE POLICY PROVIDES NO COVERAGE IN CONNECTION WITH THE UNDERLYING SUIT WITH REGARD TO THE CLAIMS MADE AGAINST UTILITEC, AND ADMIRAL HAS NO DUTY TO DEFEND OR INDEMNIFY UTILITEC UNDER THE POLICY, BECAUSE A "PARRET" CLAIM, CATEGORICALLY, IS NOT AN "OCCURRENCE" OR "ACCIDENT"

25. Admiral adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

26. With contractual language set forth more fully above, the Policy's insuring agreement in the Bodily Injury and Property Damage coverage form requires for coverage to adhere that the allegations of bodily injury or property damage must be caused by an "occurrence," which in pertinent part "means an accident."

27. In order to be able to invoke the jurisdiction of the district court in the Underlying Suit as against Utilitec as a party defendant, the Pearsons were required to and did allege that Utilitec committed an intentional tort that caused the bodily injury. This type of claim is known in Oklahoma as a Parret claim.

28. As a matter of law, a Parret claim, categorically, cannot constitute an occurrence or accident.

29. Admiral thus has no possible obligation to pay any sums Utilitec may become legally obligated to pay the Pearsons, and is due a declaration that it has no duty to defend or indemnify Utilitec in connection with the Underlying Suit. The requirements of this coverage part's insuring agreement are not satisfied, and it is thus unnecessary to consider any exclusions.

**COUNT II - DECLARATORY RELIEF – AGAINST UTILITEC AND THE PEARSONS**

**THE POLICY PROVIDES NO COVERAGE IN CONNECTION WITH THE UNDERLYING SUIT WITH REGARD TO THE CLAIMS MADE AGAINST UTILITEC, AND ADMIRAL HAS NO DUTY TO DEFEND OR INDEMNIFY UTILITEC UNDER THE POLICY, BECAUSE A "PARRET" CLAIM, CATEGORICALLY, IS EXCLUDED FROM COVERAGE**

30.     Admiral adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

31.      With contractual language set forth more fully above, the Policy's Bodily Injury and Property Damage coverage provides that excluded from coverage is any bodily injury "expected or intended from the standpoint of the insured."

32.     In order to be able to invoke the jurisdiction of the district court in the Underlying Suit as against Utilitec as a party defendant, the Pearsons were required to and did allege that Utilitec committed an intentional tort that caused the bodily injury. This type of claim is known in Oklahoma as a Parret claim.

33.     As a matter of law, the "bodily injury" alleged in a Parret claim, categorically, must of necessity constitute a bodily injury "expected or intended" from the standpoint of Utilitec.

34.     Admiral thus has no possible obligation to pay any sums Utilitec may become legally obligated to pay the Pearsons, and is due a declaration that it has no duty to defend or indemnify Utilitec in connection with the Underlying Suit.

## COUNT III - DECLARATORY RELIEF – AGAINST UTILITEC AND THE PEARSONS

## THE POLICY PROVIDES NO COVERAGE IN CONNECTION WITH THE UNDERLYING SUIT WITH REGARD TO THE CLAIMS MADE AGAINST UTILITEC, AND ADMIRAL HAS NO DUTY TO DEFEND OR INDEMNIFY UTILITEC UNDER THE POLICY, BECAUSE AARON WAYNE PEARSON WAS AN EMPLOYEE OF UTILITEC IN THE SCOPE OF HIS EMPLOYENT AT ALL PERTINENT TIMES

35.     Admiral adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

36.     With contractual language set forth more fully above, the Policy's Bodily Injury and Property Damage coverage excludes from coverage claims involving bodily injury to an employee of the insured arising out of and in the course of employment by the insured or the performance of duties related to the conduct of the insured's business, as well as to spouses of such employees.  The Policy further excludes obligations of the insured under a workers' compensation or any similar law.

37.     Aaron Wayne Pearson's bodily injury was incurred within the course and scope of his employment by Utilitec and/or the performance of duties related to the conduct of Utilitec's business, and Leandra Lynn Pearson is Aaron Wayne Pearson's spouse.

38.     Admiral thus has no possible obligation to pay any sums Utilitec may become legally obligated to pay the Pearsons, and is due a declaration that it has no duty to defend or indemnify Utilitec in connection with the Underlying Suit.

## COUNT IV - DECLARATORY RELIEF – AGAINST ALL DEFENDANTS

### ADMIRAL HAS NO DUTY TO DEFEND OR INDEMNIFY ANY PARTY UNDER THE POLICY, BECAUSE THE POLICY DUTIES OF PROMPT NOTICE WERE NOT COMPLIED WITH

39.     Admiral adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

40.     With contractual language set forth more fully above, the Policy requires as a condition precedent to coverage that prompt notice be given to Admiral of certain circumstances such as "occurrences" which may result in a claim, and suits.

41.     These conditions precedent to coverage were not complied with, which the terms of the policy make clear result in a forfeiture of coverage.

42.     Although Admiral does not concede that any prejudice to its interests is required as a result of a failure to comply with the Policy's notice provisions, Admiral nonetheless pleads that its interests were significantly prejudiced by the non-compliance. Years of litigation took place before Admiral had any notice of the Underlying Suit.

43.     As any possibility of coverage was forfeited by a failure of condition precedent, Admiral has no possible obligation to pay any sum any defendant in the Underlying Suit may become legally obligated to pay the Pearsons, and is due a declaration that it has no duty to defend or indemnify any party in connection with the Underlying Suit.

## COUNT V - DECLARATORY RELIEF – AGAINST ONEOK, ARROWHEAD, AND THE PEARSONS

## THE POLICY PROVIDES NO COVERAGE IN CONNECTION WITH THE UNDERLYING SUIT WITH REGARD TO THE CLAIMS MADE AGAINST ONEOK AND ARROWHEAD, AND ADMIRAL HAS NO DUTY TO DEFEND OR INDEMNIFY ONEOK AND/OR ARROWHEAD, BECAUSE NEITHER QUALIFY AS "INSUREDS" UNDER THE POLICY

44.     Admiral adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

45.     Neither ONEOK nor Arrowhead are explicitly named as insured parties in the Policy's declarations.

46.     With contractual language set forth more fully above, the Policy provides that certain parties that are not named as insured parties in the declarations can nonetheless qualify as "additional insureds."  A requisite for such status as pertinent to the issues presented here is that coverage as an additional insured is required by a written contract which pre-dates the bodily injury and satisfies the definition of an "insured contract."

47.     No written contract which pre-dates the bodily injury and satisfies the definition of an "insured contract" exists which requires "additional insured" coverage for either ONEOK or Arrowhead.

48.     Neither ONEOK nor Arrowhead are insureds owed any coverage duties under the Policy.

49.     Admiral thus has no possible obligation to pay any sums ONEOK or Arrowhead may become legally obligated to pay the Pearsons, and is due a declaration

18

that it has no duty to defend or indemnify ONEOK or Arrowhead in connection with the Underlying Suit.  The requirements of this coverage part's insuring agreement are not satisfied as to those parties, and it is thus unnecessary to consider any exclusions.

<u>**COUNT VI - DECLARATORY RELIEF – AGAINST ONEOK, ARROWHEAD, AND THE PEARSONS**</u>

<u>**THE POLICY PROVIDES NO COVERAGE IN CONNECTION WITH THE UNDERLYING SUIT WITH REGARD TO THE CLAIMS MADE AGAINST ONEOK AND ARROWHEAD, AND ADMIRAL HAS NO DUTY TO DEFEND OR INDEMNIFY ONEOK AND/OR ARROWHEAD, BECAUSE THE BODILY INJURY WAS NOT CAUSED BY AN "OCCURRENCE" OR "ACCIDENT"**</u>

50.    Admiral adopts and incorporates by reference the allegations set forth in the preceding paragraphs as though completely and fully set forth herein.

51.    As previously set forth, the Policy requires for any pertinent coverage to adhere that the "bodily injury" be caused by an "occurrence" which "means an accident."

52.    The existence or non-existence of an "occurrence" under applicable law is resolved by focusing on the bodily injury itself, as opposed to any purportedly negligent actions leading up to it.

53.    The bodily injury placed at issue in the Underlying Suit has been alleged to have been non-accidental.

54.    To the extent it is determined in either the Underlying Suit or the instant litigation that the bodily injury was not caused by an occurrence, even if certain parties may possibly have engaged in negligent actions leading up to the bodily injury, then the pertinent insuring agreement would not be triggered.

55.     Contingent on the determination referenced in the immediately prior paragraph, Admiral thus has no possible duty to pay any sums any party may become legally obligated to pay the Pearsons, and is due a declaration that it has no duty to defend or indemnify any party in connection with the Underlying Suit.

\* \* \*

56.     In addition to the foregoing provisions, Admiral pleads all other terms, conditions, limitations, exclusions, warranties, endorsements, and definitions of the Policy, which also may be found to be applicable or relevant, and Admiral reserves the right to seek to amend its Complaint as additional and/or more specific information becomes available.

WHEREFORE, Admiral respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Policy, including but not limited to declaring that:

a.     Admiral has no duty to make any indemnity payment to or on behalf of any party to the Underlying Suit;

b.     Admiral has no duty to defend any party in connection with the Underlying Suit;

c.     Admiral be awarded such further relief as the law may require or permit.

**RESPECTFULLY SUBMITTED** this 7th day of December, 2023.

*PIERCE COUCH HENDRICKSON
    BAYSINGER & GREEN, LLP*

s/Amy Bradley-Waters
Amy Bradley-Waters, OBA No. 16480
P.O. Box 239
Tulsa, Oklahoma  74101
Telephone: 918-583-8100
Facsimile: 918-583-8107
abradley-waters@piercecouch.com
     -and-
John C. Lennon, OBA No. 30149
P.O. Box 26350
Oklahoma City, OK  73126-0350
Telephone:  (405) 235-1611
Facsimile:   (405) 235-2904
jlennon@piercecouch.com

*Attorneys for Plaintiff Admiral Insurance
Company*