IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AARON WAYNE PEARSON, )<br>LEANDRA LYNN PEARSON, )<br>ONEOK, INC., ARROWHEAD )<br>PIPELINE SERVICES, LLC, and )<br>UTILITEC, LLC, )<br>)<br>Defendants. ) | Case No. CIV-23-01115-JD |

**ORDER**

Before the Court are two Motions to Dismiss and Abstain (the "Motions") [Doc. Nos. 14, 19] filed by Aaron and Leandra Pearson ("the Pearsons") and ONEOK, Inc. ("ONEOK"). The Motions seek dismissal of Admiral Insurance Company's ("Admiral") Complaint for Declaratory Judgment [Doc. No. 1], abstention from the exercise of jurisdiction, or a stay of the action. Upon consideration of the briefing and relevant law, the Court denies the Motions.

**I.    BACKGROUND**

ONEOK is a natural gas company. In late 2018, a predecessor entity that has since been acquired and merged into ONEOK, Magellan Midstream Partners, L.P. ("Magellan"), was working as a general contractor on a gas and utility line project in Edmond, Oklahoma. Magellan hired Arrowhead Pipeline Services, LLC ("Arrowhead")

as a subcontractor. Arrowhead then hired Utilitec, LLC ("Utilitec") to assist in fulfilling the contract. During the relevant time period, Admiral was Utilitec's insurance provider.

On November 16, 2018, Aaron Pearson, an employee of Utilitec, was severely injured while working on the project. On September 1, 2020, Aaron and his wife, Leandra, filed suit ("the state court action") in the District Court of Oklahoma County against Magellan, Arrowhead, and Utilitec. They asserted claims for negligence, vicarious liability, and negligent hiring of an independent contractor.[1] Admiral is not a party in the state court action and did not receive notice of the suit until the fall of 2023.

In December 2023, Admiral filed this declaratory judgment action against the Pearsons, ONEOK, Arrowhead, and Utilitec to ascertain its rights and duties under the insurance policy it issued to Utilitec.

## II.  LEGAL STANDARD

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." Because the statute uses the phrase "may declare," the text of the statute commits discretion to the courts in deciding whether to exercise their jurisdiction in the declaratory judgment context. *Id. See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). District courts may decline to hear a case, even if it would otherwise satisfy jurisdictional requirements such as diversity of jurisdiction. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 493–94

---

[1] The petition also appears to assert claims based on intentional tort theories.

(1942); *see also Wilton*, 515 U.S. at 288 (noting that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration").

If a district court is presented with a claim seeking declaratory judgment and there is a parallel, underlying state proceeding, the district court:

> should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Brillhart*, 316 U.S. at 495. District courts should ask:

1) whether a declaratory action would settle the controversy;
2) whether it would serve a useful purpose in clarifying the legal relations at issue;
3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*";
4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
5) whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987), *abrogated on other grounds by Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir. 2000)). District courts are afforded "considerable deference" in their determinations whether to entertain a declaratory judgment action. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales,*

*Inc.*, 98 F.4th 1307, 1316, 1317 (10th Cir. 2024) (affirming the district court's decision not to abstain under *Brillhart*).

### III. <u>ANALYSIS</u>

The Pearsons and ONEOK argue the Court should dismiss or stay the case because the *Mhoon* factors weigh in favor of abstention. Admiral argues the *Mhoon* factors weigh in favor of the Court hearing the case.

The first factor does not weigh heavily in favor of either side. As Admiral argues, a declaratory action would settle the controversy of whether it is required to indemnify Utilitec. However, "the inquiry into whether the declaratory judgment settles a controversy . . . is designed to shed light on the overall question of whether the controversy would be better settled in state court." *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002). As part of this inquiry, the Court must consider whether deciding the parties' legal rights and duties "would be better settled in a unified proceeding." *See id.* One of the primary purposes of this factor is to ensure cases are not resolved with confusing, "piecemeal" litigation. *See id.* But, here, neither the state court action nor this declaratory judgment action would fully settle the entire controversy. Based off the petition filed in the state court action attached to Admiral's Complaint, it appears that suit will decide the issue of which parties were negligent and to what extent they are jointly and severally liable. If not dismissed, this declaratory judgment action will decide Admiral's duties under Utilitec's insurance policy. So, although this declaratory judgment action would not resolve the entirety of the dispute, it also would not result in "unnecessarily duplicative" litigation. *Mid-Continent Cas. Co. v. Vill. at*

4

*Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 982 (10th Cir. 2012). Therefore, the first factor, whether a declaratory action would settle the controversy, is a neutral consideration.

As to the second factor, this case would serve a useful purpose in clarifying the legal relations between Admiral, Utilitec, and possibly even ONEOK and Arrowhead. *See* [Doc. No. 1 at 18] ("[T]he Policy provides that certain parties that are not named as insured parties in the declarations can nonetheless qualify as 'additional insureds.'"). Because resolving this declaratory judgment action would give the parties relief from the uncertainty surrounding the parties' obligations, the second factor weighs in favor of the Court hearing the case.

The third factor, whether this case is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*," weighs in favor of Admiral. The Court is unaware of any cases currently pending in state court that will specifically decide the legal issues raised herein. So, essentially, there is no "race" for Admiral to win even if it does prevail. If this Court decides this case before the state court action is resolved, that decision will have no impact on whether ONEOK, Arrowhead, or Utilitec were negligent. Further, Admiral's decision to file this suit can be attributed to more than gamesmanship or procedural fencing as it is not a party in the state court action. Therefore, the Court does not think Admiral is trying to use this action for "procedural fencing" or a "race to *res judicata*."

The fourth factor weighs in favor of the Court hearing the case for similar reasons. The state court action does not appear to address Utilitec's insurance policy with Admiral

in any way. The state court will not be required to determine whether Admiral must indemnify Utilitec under the terms of its insurance policy so there is no risk of inconsistent rulings between this Court and the state court. Regardless of the duties this Court determines Admiral has under the insurance policy, its rulings will not decide fact dependent issues that also need to be decided in the state court case because whether Admiral has a duty to indemnify has no impact on whether ONEOK, Arrowhead, or Utilitec were negligent. As the Tenth Circuit has noted, "nothing in the Declaratory Judgment Act prohibits a court from deciding a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues." *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989). Since this Court will not be "seizing" any portion of the litigation from the state court, there is little risk of causing friction with it. *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952). This factor therefore weighs in favor of Admiral.

The fifth factor also weighs in favor of the Court hearing the case. As in *Mhoon*, neither party before the Court has suggested that Admiral could have been made "party to the state tort action, thus obviating any need for an independent declaratory action and providing a simpler and more efficient resolution . . . ." 31 F.3d at 984. This Court is similarly unaware of an alternative remedy that would be more effective in resolving Admiral's obligations.

The considerations set forth in *Brillhart* and *Mhoon* are "only factors in the analysis; they are not determinative." *United States v. City of Las Cruces*, 289 F.3d 1170, 1183 (10th Cir. 2002). However, here, they have informed the Court's discretion and

demonstrated that "the federal declaratory action would serve some useful purpose." *Id.* Thus, the Court declines to dismiss, abstain, or stay this action.

## IV.   <u>CONCLUSION</u>

For these reasons, the Court denies the Motions [Doc. Nos. 14 and 19].

IT IS SO ORDERED this 3rd day of September 2024.

*[signature]*
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE