## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ADMIRAL INSURANCE COMPANY, )
                                    )
           Plaintiff,        )
                                    )
v.                                  )        Case No. CIV-23-01115-JD
                                    )
AARON WAYNE PEARSON,      )
LEANDRA LYNN PEARSON,      )
ONEOK, INC., ARROWHEAD        )
PIPELINE SERVICES, LLC, and    )
UTILITEC, LLC,                     )
                                    )
          Defendants.     )

## <u>ORDER</u>

Before the Court is the Status Report filed by the parties on January 14, 2025 ("Status Report"). [Doc. No. 40]. The Court previously extended the deadline for ONEOK, Inc., Aaron Wayne Pearson, and Leandra Lynn Pearson to file their responses to Plaintiff's Complaint. *See* [Doc. No. 34].

The Status Report indicates that the parties are still investigating and researching the substitution of Magellan Midstream Partners, LP for ONEOK, Inc., which has raised a question of whether this Court will possess diversity jurisdiction upon substitution.[1]

Based upon its review of the Status Report, the Court MODIFIES its prior Order [Doc. No. 34] and extends the deadline for Defendants ONEOK, Inc., Aaron Wayne Pearson, and Leandra Lynn Pearson to file their responses to Plaintiff's Complaint.

---

[1] The Court reminds the parties that the burden of proving subject-matter jurisdiction "is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Defendants ONEOK, Inc., Aaron Wayne Pearson, and Leandra Lynn Pearson may file a response to Plaintiff's Complaint [Doc. No. 1] within ten (10) days of notice to the Court that the investigation is complete, or the filing of an amended pleading or agreed motion for substitution of parties. Regardless, on or before **Friday, February 14, 2025**, the Court ORDERS the parties to file a new joint status report with an update as to the status of the investigation and possible substitution.[2] If the parties' investigation reveals that the Court does not have subject-matter jurisdiction, or that the party with the burden of proof cannot establish subject-matter jurisdiction, then the Court expects the parties to promptly file an appropriate notice of dismissal without prejudice under Federal Rule of Civil Procedure 41. All other deadlines and requirements in the Court's Order of October 17, 2024 [Doc. No. 36] remain unchanged.

IT IS SO ORDERED this 15th day of January 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court does not anticipate further extensions of these deadlines absent a more thorough explanation of the investigation, research, and efforts of the parties to confer and reach a resolution. If the parties are left to file a new joint status report, they must thoroughly explain the investigation and the reasons for the further delay.